IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

L.S.,

    Plaintiff,

v.

NEWARK UNIFIED SCHOOL DISTRICT,

    Defendant.

No. C 05-03241 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 28, 2006, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The parties each shall have 20 minutes to address the following questions:

1.     Is Plaintiff asking the Court to apply the version of the IDEA as revised effective July 2005? If so, does Plaintiff have any authority to support his position that the Court should apply a version of the statute that was not in effect during the

relevant time period? *See, e.g., Amanda J. v. Clark County School Dist.*, 267 F.3d 877, 882 n.1 (9th Cir. 2001) (applying version of statute in force during relevant time period).

2. Plaintiff, relying on *Schaffer v. Weast*, 126 S.Ct. 528 (2005), urges the Court to place the burden of proof on Defendant. In *Schaeffer*, however, the Supreme Court addressed which party had the burden of proof at the *due process hearing*, and concluded that the party seeking relief bore that burden. Ninth Circuit authority, however, makes clear that the party challenging the agency's decision bears the burden of proof in the district court. *Clyde K. v. Pullayup Sch. Dist., No. 3*, 35 F.3d 1396 (9th Cir. 1994). Does Plaintiff have any authority to suggest that the Supreme Court's decision in *Schaffer* overrules the holding in *Clyde K*?

3. Does Plaintiff dispute the Hearing Officer's findings that the April 2004 meeting did not result in procedural violations or does Plaintiff challenge the Hearing Officer's findings based on alleged cumulative errors from all three meetings? If the former, which findings from the April 24, 2004 meeting does Plaintiff challenge? If the latter, what are the specific provisions of the IDEA's procedural requirements that Plaintiff claims the Defendant violated?

4. Although Plaintiff seems to contend that the May 24, 2004 meeting resulted in a final "offer," in his Complaint, Plaintiff admits that the "team did not finish its business and the meeting was continued to August 25, 2004." How does Plaintiff reconcile his current position with the admission in his Complaint?

5. At the administrative hearing, Plaintiff challenged the "accuracy and lack of documentation of his then-current levels of functioning (at Charles Armstrong) to determine his program for the 2004-2005 school year." (Decision at 3.) Does Plaintiff renew that challenge in this Court? If so, where does Plaintiff address that challenge in his papers?

6. How would Plaintiff distinguish *Katherine G. v. Kentfield School Dist.*, 261 F. Supp. 2d 1159 (N.D. Cal. 2003), in which the court concluded that there was no

authority to support a conclusion that "the IDEA requires adequate discussion of mainstreaming opportunities with the parents of a disabled child at an IEP meeting?" *Id.* at 1191.

7. Plaintiff takes issue with the Hearing Officer's use of the term "some educational benefit," and contends that *Rachel H* sets forth "a satisfactory education" as the appropriate standard. However, the "some educational benefit" standard appears to be derived directly from *Rowley*. *Rowley*, 458 U.S. at 200; *see also W.G. v. Bd. of Trustees of Target Range Sch. Dist. No. 23, Missoula, Montana*, 960 F.2d 1479, 1487 (9th Cir. 1992) (noting that with regard to the provision of a FAPE, "[t]he substantive standard is simply 'some educational benefit'"). What is Plaintiff's best argument that the Hearing Officer erred in using the "some educational benefit" standard in his evaluation of the evidence?

Dated: April 26, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3